[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE ARBITRATION
 Facts
The parties on April 8, 1996, entered into a written subcontractor's agreement for work on a building in Bridgeport, Connecticut. The original contract price was $200,000. The contract contained an arbitration clause which provided, inter alia, in Article 6.1 as follows:
 6.1 Any controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and the Contractor, except that a decision by the Architect shall not be a condition precedent to arbitration. If the Prime Contract does not provide for arbitration or fails to specify the manner and procedure for arbitration, it shall be constructed in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise.
On June 21, 1996 the defendant terminated the contract. On February 18, 1998 plaintiff filed a demand for arbitration with the American Arbitration Association (AAA) generally claiming CT Page 3480 damages for breach of contract. This includes claims for "damage order" payments.
On March 5, 1998 defendant filed an answering statement with AAA admitting some of plaintiff's charges and denying others. In addition defendant made a claim of set-off and counterclaim.
Arbitration was had before a single arbitrator. A hearing was held and on November 24, 1998 the award of the arbitrator was filed as follows:
 "The weight of evidence indicates that LAW Construction, Inc. breached the Contract between itself and TechniCo-op, Inc., therefore, the claim of LAW Construction, Inc., against TechniCo-op, Inc. is DENIED. It breached by not paying its subcontractors and suppliers from the proceeds of "Application and Certificate for Payment" No. 1 dated April 12, 1996. It further breached the Contract by refusing to give evidence thereof as required by the Contract in Article 4.1.6 and further, did not make timely Requests for Payments, as set forth in the Contract.
The Award is as follows:"
 Base Contract $200,000.00 Base Contract time 4/8/96 — 6/1/96 Change Order #1 2,327.36 Change Order #2 616.00 Change Order #3*1 1,800.00 Change Order #4 736.96 Change Order #5 26,000.80 Change Order #6 2,116.80 Change Order #7 2,016.00 Change Order #8 (7,952.00) Invoice #102 1,496.00 Invoice #103 1,132.13 General Conditions 6/8/96 — 6/12/96*2 2,700.00
$232,990.05 10% Overhead Profit on Earned Amount 23,299.00
Adjusted Subcontract $256,289.05